# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**DALVEN TALMADGE,**
**D.O.C. # D55156,**

    **Plaintiff,**

vs.                                                   Case No.  4:21cv208-WS-MAF

**APRIL BUSEMAN,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a pro se prisoner, recently paid the filing fee for this case, ECF No. 19, or, more accurately, the Florida Department of Corrections paid the fee as Plaintiff requested, ECF No. 8, and as ordered by this Court.  ECF No. 9.  In the interim period of time while waiting on the fee to be paid, Plaintiff had requested permission to file an amended complaint. ECF No. 10.  That request was granted, ECF No. 11, and Plaintiff was to have submitted the amended complaint by August 9, 2021.  Two additional Orders reiterated Plaintiff's deadline to file the amended complaint.  ECF Nos. 13 and 15.

When that deadline passed without compliance, but Plaintiff had filed a notice of change of address, ECF No. 16, another Order was entered which extended the time for Plaintiff to comply as a courtesy.  ECF No. 20.  Plaintiff was advised to only include claims which were administratively exhausted by May 19, 2021, and reminded that all claims presented must relate to the same issue or incident.  *Id.*  Plaintiff was provided with another civil rights complaint form, and given until **August 30, 2021**, to submit his amended complaint.  *Id.*  Plaintiff was warned that if he did not do so, "a recommendation [would] be made to dismiss this case."  *Id.*  No response to that Order has been received, despite the warning to Plaintiff.  It appears that Plaintiff has abandoned this litigation.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order.  See Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . . " Link v. Wabash R.R.

Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). Because Plaintiff has failed to prosecute this case, and has not filed an amended complaint, dismissal is appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on September 8, 2021.

      S/    Martin A. Fitzpatrick  
**MARTIN A. FITZPATRICK**  
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**